**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

LOTIA T. ROMANES,

    Petitioner,

v.                                             CASE NO. 8:05-CV-702-T-30MAP

JAMES McDONOUGH, et al.,

    Respondents.
_____/

# **ORDER**

This cause is before the Court on Lotia T. Romanes's (hereinafter "Petitioner") 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges her conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida. A review of the record demonstrates that the petition is time-barred. Therefore, the petition for writ of habeas corpus must be denied.

**Procedural History**

Petitioner was indicted for the crimes of first-degree murder, kidnapping with a firearm, and robbery with a firearm (Dkt. 12, Ex. 1, Vol. I, page 1). Following a jury trial, she was found guilty as charged (Id. at Vol. II, pages 378-79). She was sentenced to a term of life on the first degree murder charge and to fifteen years imprisonment on the kidnapping and robbery charges, to run consecutively with each other and concurrently with the life

sentence (Id. at Vol. III at pages 380-90).[1]

Petitioner appealed, and the state district court of appeal per curiam affirmed the conviction and sentence on May 15, 1998. *Romanes v. State*, 717 So.2d 1016 (Fla. 2d DCA 1998); (Dkt. 12, Ex. 5). Next, on April 18, 2000, Petitioner filed a pro se 3.850 motion for post-conviction relief (Dkt. 12, Ex. 6, Vol. I, pages 53-108). On November 14, 2002, the state court denied Petitioner's 3.850 motion, and Petitioner appealed (Id. at Vol. II, page 314). On June 24, 2004, the state district court of appeal dismissed Petitioner's appeal because Petitioner failed to comply with the district court's order to file a brief. *Romanes v. State*, 895 So.2d 421 (Fla. 2d DCA 2004); (Dkt. 12, Exs. 7-8).

On July 13, 2004, Petitioner filed a petition for a writ of habeas corpus in the Florida Supreme Court; however, the petition was dismissed on January 20, 2005, because the relief was not authorized. *Romanes v. State*, 894 So.2d 971 (Fla. 2005); (Dkt. 12, Exs. 10-11).

Petitioner signed the present federal petition for writ of habeas corpus on February 28, 2005 (Dkt. 2 at page 61). The petition is untimely.

## AEDPA Standard for Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall

---

[1] On September 9, 1996, Petitioner was resentenced on the robbery and kidnapping charges to 12 years imprisonment, to run consecutively with each other and concurrently with her life sentence (Dkt. 12, Ex. 1, Vol. III at pages 423-27).

run from the latest of…the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review…." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## Timeliness Calculations

Petitioner's conviction became final on August 13, 1998, ninety (90) days after her judgment and sentence were affirmed [on May 15, 1998.] *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). *See also Clay v. United States*, 537 U.S. 522, 526-27 (2003)(The 90 days allowed for filing a petition for writ of certiorari begins on the date the appellate court issues its opinion on the direct appeal, not from the date the appellate court issues its mandate). Petitioner's one-year time period began to run on August 14, 1998, and did not stop running until she filed her state 3.850 motion for post-conviction relief on April 18, 2000, 613 days later. This calculation means that the one-year period was not tolled for 613 days. Petitioner's one-year period was tolled until her appeal of the denial of her 3.850 motion was dismissed on June 24, 2004. The one-year period began to run again on June 25, 2004, and Petitioner allowed another 246 days to pass before she filed the present federal

petition on February 28, 2005.[2] This present federal petition is untimely because Petitioner's one-year period for filing a timely petition was not tolled for 859 days (613 + 246 = 859 days) after her conviction was final on direct appeal before she filed the federal petition. Therefore, the petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitation period unless petitioner demonstrates that she is entitled to equitable tolling.

## Equitable Tolling

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Equitable tolling is an extreme remedy and is applied sparingly. *See Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner bears the burden of showing that equitable tolling is warranted. *Id.* Here, Petitioner has failed to demonstrate extraordinary circumstances that would support equitable tolling.

Petitioner claims that she did not timely file her federal habeas petition because Spanish is her "first language", because of her lack of education and understanding of the law, and because of bad advice and assistance from prison law clerks (Dkt. 15). Were this

---

[2]Petitioner's petition for a writ of habeas corpus filed in the Florida Supreme Court did not toll the limitation period because it sought relief which was not authorized under Florida Law. 28 U.S.C. § 2244(d)(2) only provides for tolling of the "time during which a *properly filed* application for State post-conviction or other collateral review...is pending..." (emphasis added). A motion is "properly filed" if its "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Court to allow equitable tolling because of asserted language difficulties, AEDPA's time requirement would essentially be eviscerated for all petitioners claiming to be non-English speaking. Such a result is nonsensical. Additionally, it has been previously rejected by the Eleventh Circuit. *See U.S. v. Montano*, 398 F.3d 1276, 1280, n.5 (11th Cir. 2005) (claim that language difficulties prohibited petitioner from timely discovering a legal argument did not constitute "extraordinary circumstances" as to justify equitable tolling of the one-year filing requirement in § 2255).

Likewise, having a limited education and limited understanding of the law, and receiving inadequate assistance from an inmate law clerk are not extraordinary circumstances justifying equitable tolling. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as [the petitioner's] case illustrates. . . . [The petitioner] is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers."); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law nor inadequacy of services of inmate law clerk who helped draft his habeas petition entitled petitioner to equitable tolling of the limitations period).

**Actual Innocence**

While the Eleventh Circuit has yet to address this issue in the context of AEDPA's limitation period, generally, a procedural default may be excused if the petitioner can show that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.

A petitioner in a collateral proceeding who wishes to establish his or her actual innocence to avoid a procedural bar to consideration of the merits of his or her underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, (1995). This gateway applies only if the petitioner can demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537 (2006); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. at 327-28). As the Schlup court held: To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup v. Delo*, 513 U.S. at 324. Petitioner must establish factual innocence rather than mere legal

insufficiency. *Id.*; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). In other words, this exception is not available unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995) (denying certificate of probable cause) (footnote omitted).

Petitioner has failed to satisfy the threshold requirement that she come forward with "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Petitioner's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-99 (1986).

Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists." *Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996). The merits of Petitioner's claim will not, therefore, be addressed. *See Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

ACCORDINGLY, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 28, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Petitioner pro se
         Counsel of Record